182 So. 1
STATE TAX COMMISSION v. BURNS.

3 Div. 257.

Supreme Court of Alabama.
May 26, 1938.

Rehearing Denied June 16, 1938.

308

W. H. Sadler, Jr., of Birmingham, for appellee.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for appellant.

FOSTER, Justice.

This is a suit seeking a declaratory judgment to determine whether persons engaged in the restaurant business who give their employees food as an element of compensation for services rendered in and about the preparation and service of food to customers, on which the sales tax is paid, should pay a tax on the value of the food thus served.

The restaurateur purchases the material, which is compounded into edible food for consumption. This we presume is from dealers in such articles, and for such pur-

chases his seller does not pay the tax upon the ground that the sale to him is a wholesale transaction, but his sale to his customers of the food as thus prepared is a retail transaction, on which he pays the tax. Pappanastos v. Long, 235 Ala. 50, 177 So. 158.

We held in the case of Doby v. State Tax Commission, 234 Ala. 150, 174 So. 233, that when proprietors of automobile repair shops use articles in rendering service which are consumed in the process, as distinguished from their sale, the articles thus consumed are not sold for which a sales tax is due to be paid.

And in that connection we said in Cody v. State Tax Commission, 177 So. 146,[1] that when a dealer sells parts and supplies to a customer solely engaged in their retail, such sales are not taxable though the customer occasionally uses some of the goods on his own car or in rendering desultory service to another.

 When a restaurateur compounds food for sale, the elements of the product thus sold embrace not only the raw material but the service rendered in producing the finished article of food. The fact that in rendering that service other articles of material or of food are consumed in the process does not render the consumption of such articles sales as contemplated by the sales tax act in question. Act of February 23, 1937, Gen.Acts 1936–37, Sp.Sess., page 125. Those articles are constructively a part of that which is sold, and enhances its value on the basis of which the sales tax is paid. To tax such enhanced value on its sale, and some of its ingredients separately because they were consumed in its preparation, though they were but a feature of the service rendered, was not probably the legislative intent.

Affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.

### On Rehearing.

FOSTER, Justice.

Our attention is called to section 1 (i) of the Sales Tax, Gen.Acts 1936–37, Sp. Sess., p. 125, providing that "sales of tangible personal property * * * to * * compounders, which are consumed by them in * * * compounding and do not become an ingredient or component part of the tangible personal property * * * are retail sales." It is insisted that our opinion is inconsistent with this provision. And it would be if the food served to the servants of the restaurateur had been purchased for that purpose. Such was the holding in the wrapping paper case. City Paper Co. v. Long, 235 Ala. 652, 180 So. 324. But the opinion in this case is predicated upon the admitted averment that the restaurateur permits her servants, etc., to eat all kinds of food available at the restaurant, such as is then on hand for sale to the public, but not thus sold. This means that the food they consume is not purchased for consumption by the employees, but is purchased for resale, and is compounded and prepared with that as its purpose. Out of the stock of food so prepared certain portions are awarded to the employees. This must usually be a very small proportion of the whole supply. It is purchased and compounded for resale, not for consumption, as the paper wrappings. The mere fact that some of the goods in the operation of the business are taken from the general stock designed for resale and consumed in the conduct of the business does not make them sales to that extent, and were not so when those articles were a part of a wholesale bulk sold to the proprietor for retail in a compounded form.

The distinction seems clear between this case and one where the article was purchased distinctly for consumption not as an ingredient of the compounded article.

Application for rehearing overruled.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.