(No. 25958.—
THE CONTINENTAL CAN COMPANY *et al.* Appellees, *vs.*
S. L. NUDELMAN, Director of Finance, *et al.* Appellants.

*Opinion filed April 15, 1941—Rehearing denied June 4, 1941.*

GEORGE F. BARRETT, Attorney General, (MONTGOMERY S. WINNING, and LEONARD H. LAWRENCE, of counsel,) for appellants.

MICHAEL M. PHILLIPS, and BENJAMIN F. J. ODELL, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal by the Director of Finance, the State Treasurer and the Attorney General from a decree of the superior court of Cook county, which enjoins said officials from the collection of a tax from appellees (twelve in number) under the provisions of the Retailers' Occupation Tax act, (Ill. Rev. Stat. 1939, chap. 120, par. 440, *et seq.*) with respect to sales made at the cafeterias, lunch rooms and restaurants operated by appellees in the feeding of their employees.

No question is raised on the pleadings and the facts are stipulated. The pertinent portions are: "1. The plaintiffs are corporations and own, operate and conduct factories, manufacturing and business enterprises in Cook county, Illinois; 2. That for the convenience of plaintiffs and their employees the plaintiffs operate and maintain cafeterias, lunch rooms and restaurants for the feeding of their employees, all of which are situated in the various properties at which plaintiffs conduct their respective businesses; 3. That said restaurants, cafeterias and lunch rooms are not advertised to the general public nor are the public invited thereto, although occasionally some outsiders are

permitted to avail of the restaurant facilities; 4. That in the operation of said restaurants, cafeterias and lunch rooms, plaintiffs serve, dispense and transfer to their employees for a valuable consideration, food and non-alcoholic beverages for physical consumption and not for resale, from which they have derived no profit."

Appellees position is that their business is manufacturing and processing personal property, none of which they sell at retail, and that the selling of food to their employees for their convenience without profit is a mere incident to their principal business and being such is not taxable.

The tax imposed by section 2 of the act is upon persons engaged in the business of selling tangible personal property at retail. Such provision, standing alone, is broad and comprehensive but to ascertain the legislative intent and determine its scope it is necessary to consider it in connection with other provisions of the act and particularly with the definitions of various terms as defined in section 1. Paragraph 1 of section 1 defines "sales at retail" to mean any transfer of ownership of or title to tangible personal property to the purchaser for use or consumption and not for resale in any form as tangible personal property for a valuable consideration. The last paragraph of the section provides that the isolated or occasional sale of tangible personal property at retail by a person who does not hold himself out as engaging in the business of selling such tangible personal property at retail does not constitute engaging in such business.

The language quoted from section 2, standing alone, might leave some room for construction of the words "the business of selling tangible personal property at retail" but when considered with the definition of sales at retail there can not be a doubt that the legislature intended to impose a tax upon every person engaged in the business of selling tangible personal property for use and consumption and not for resale. Many definitions of the words "occupation"

and "business" are cited in the briefs but they are of little assistance. The meaning intended by the legislature and the scope of the subjects that come within their terms are found in the act itself. The sense in which the words "occupation" and "business" are used furnishes no basis to support the contention that they do not include a part of the business carried on as an incident or an aid of the primary business. It is only the isolated or occasional sales made by one who does not hold himself out as engaged in the business of selling this tangible personal property at retail that are expressly exempted by the act itself. The stipulated facts do not bring appellees within this clause for it only applies to the isolated or occasional sales made by one who does not hold himself out as engaging in the business of selling such property at retail and both elements are lacking in this case. The sales made by appellees were neither isolated or occasional, and there was an evident holding themselves out, at least to their employees, that they were engaged in the business of furnishing meals.

In *Franklin County Coal Co.* v. *Ames,* 359 Ill. 178, the coal companies were engaged in the business of producing and selling coal, some of which they sold as wholesalers and a part as retailers. It was held the part which pertained to the sale of coal at retail was a business subject to tax. It was said: "Moreover, there is no tax imposed upon the appellants as persons engaged in the business of producing. The tax is imposed upon them, if at all, because they are engaged in the occupation of selling tangible personal property at 'retail,' as the term is defined in this statute. If we were to construe the act so as to exclude them from it, a lack of uniformity would result and the act would be unconstitutional. This act is not limited to persons whose only business is keeping a store or otherwise disposing of personal property in small quantities for use or consumption at a given location, after having bought their merchandise, goods, wares or chattels from those who

sell in large quantities. If anyone sells tangible personal property for use or consumption and not for re-sale, and does not occasionally but as a business or occupation, regardless of how he acquires title to the thing sold or who has produced it, his occupation is covered by this act."

Under the stipulated facts, the operation of cafeterias, lunch rooms and restaurants for the purpose of selling food to their employees made appellees vendors engaged in a business which was subject to the tax.

For the reasons stated the decree of the superior court is reversed.

*Decree reversed.*