**KING'S GRILL, INC., Appellant v EVATT, Appellee.**

Board of Tax Appeals

No. 5353. Decided February 6, 1943.

72

Roy J. Stone, Columbus, for appellant.

Hon. Thomas J. Herbert, Atty. Gen., Columbus, and A. A. Cartwright, Asst. Atty. Gen., Columbus, for appellee.

## ENTRY

This cause and matter came on to be heard by the Board of Tax Appeals upon an appeal filed by the appellant, above named, from a final order of the tax commissioner confirming a sales tax assessment and penalty theretofore made and extended against the appellant as a vendor. Said cause was heard by the Board upon said appeal, on a transcript of the proceedings of the tax commissioner relating to said assessment, upon a motion filed herein by appellant directed to said sales tax assessment and upon the briefs of counsel.

Upon consideration of the case as thus submitted, the Board finds that the appellant is a corporation engaged in the business of selling at retail spirituous and other liquors, soft drinks, foods and

other ccmmodities, not only at 1080 Cleveland Avenue, but at other places of business in the City of Columbus, Ohio. On or about the Month of June, 1941, the tax commissioner through the sales tax examiners in the Sales Tax Division of the Department of Taxation, made an audit of the business done and of sales taxes collected and accounted for by the appellant at its several places of business during the period of time between January 1, 1937, and June 1. 1941, inclusive. As the result of said audit a sales tax assessment was made against the appellant, as provided for by §5546-8a GC, which sales tax assessment was in the amount of $7301.39 and upon which assessment a penalty in the amount of $1095.21 was extended.

The Board of Tax Appeals further finds that thereafter the appellant filed with the tax commissioner a petition for reassessment under the authority of said section of the General Code; in which petition the appellant requested a reduction in the amount of said assessment and penalty on the several grounds therein stated. Thereafter on or about February 5, 1942, the tax commissioner on the hearing of said petition for reassessment and acting through the hearing board setup and established by him in the Sales Tax Division of the Department of Taxation, sustained appellant's petition for reassessment in part and thereby made an adjustment of the sales tax assessment and penalty thereon theretofore made and extended against the appellant, with the result that an adjusted sales tax assessment in the amount of $4314.60 was made against the appellant, and upon which assessment a penalty in the amount of $647.19 was extended. On or about February 10, 1942, the tax commissioner by a final order made and entered by him, confirmed said sales tax assessment and penalty thereon in the respective amounts as found and determined by the hearing board. On March 5, 1942, the appellant filed its said appeal with the Board of Tax Appeals from this final order of the tax commissioner.

The case as presented on this appeal came on for hearing before an examiner of the Board of Tax Appeals on May 21, 1942; at which time the case was submitted to the Board on the transcript of the proceedings of the tax commissioner relating to said sales tax and penalty assessment, and no other or further evidence was offered or introduced by or on behalf of either the appellant or the appellee on the issues of fact presented by said appeal. After the submission of the case to the Board of Tax Appeals in the manner above stated, to wit, on June 1, 1942, the appellant filed a motion which is in words and figures as follows:

"1. The appellant moves the Board to strike from the assessment heretofore made by the Appellee. as Tax Commissioner, that portion of the assessment relating to sales of spirituous liquor by the glass, on the ground that said sales of spirituous liquor are exempt by law; and also on the ground that a so-called 'analysis' basis, prohibited by law, was used as the basis of assessment.

"2. The Appellant further moves the Board to strike out that portion of the assessment relating to sales of food, because said sales of food were not made by Appellant but by lessees of its kitchens, and therefore said lessees, and not this Appellant, would be liable therefor; and in the alternative moves the Board to strike out the amount of $198.37 from this assessment because of error in computing the adjustment made by the Hearing Board in regard to food sales, which error is admitted, by Appellee.

"3. The Appellant further moved the Board to strike out that portion of the assessment relating to sales tax on employees' meals, on the ground that the assessment of sales tax on employees' meals is illegal, and contrary to law."

The briefs of counsel in the case are directed solely to the questions made by this motion.

In the consideration of the first question presented by the motion filed by the appellant herein, it is observed that inasmuch as sales of spirituous liquors by the glass or drink made by a licensed vendor to consumers of such liquor are retail sales within the definitive provisions of §5546-1 GC, such sales are subject to the excise tax levied by §5546-2 GC, unless such sales are expressly exempted from the incidence of the tax by this or some other section of the Sales Tax Act; and as to this, it is noted that §5546-2 GC. provides that "for the purpose of the proper administration of this act and to prevent the evasion of the tax hereby levied, it shall be presumed that all sales made in this state are subject to the tax hereby levied until the contrary is established". The sole claim made by appellant in support of its contention that sales of spirituous liquors by the glass or drink made by him to consumers, are not taxable under the Sales Tax Law, is that such sales are exempt from the tax under the following provisions of §5546-2 GC to wit:

"The tax hereby levied does not apply to the following sales:

5. Sales of beer as defined by §6212-63 GC, whether in bulk or in bottles, sales of wine, and sales of spirituous liquors by the department of liquor control."

More specifically, the claim of the appellant is that the provision of §5546-2 GC, excepting from the sales tax therein prescribed "sales of spirituous liquors by the department of liquor control", should be construed as effecting an exemption of sales made by the appellant as a vendor to consumers of spirituous liquors theretofore purchased by it from said department. As to this, it is pertinent, perhaps, to note that §6064-12 GC, which relates to the sale of spirituous liquor by the Department of Liquor Control, provides: "The department shall sell spirituous liquor only, whether from a warehouse or from a state liquor store. All sales shall be in sealed

containers and for resale as authorized by this act or for consumption off the premises only." Without discussion of the rules of statutory construction applicable in the consideration of claims of tax exemption, generally, we are of the opinion that the exemption granted by §5546-2 GC, with respect to sales of spirituous liquors by the Department of Liquor Control, does not have the effect of exempting from the sales tax imposed by this section of the General Code, sales of spirituous liquors made by the appellant as a vendor to consumers, as aforesaid. The Board of Tax Appeals finds, therefore, that in this respect appellant's said motion is not well taken, and as to the question thereby presented said motion is overruled. Touching the question here considered and decided, it is noted that counsel for the appellant, in presenting his views with respect to this question, contends that unless the provision of §5546-2 GC, above quoted, exempting from the sales tax "sales of spirituous liquors by the Department of Liquor Control" is so construed as to give effect to the exemption claimed by the appellant in this case, said statutory provision would be unconstitutional for the stated reasons more specifically set out in appellant's brief. Although, as to this, recognizing the legitimacy and force of the argument that a statutory provision of this kind must be contrued, if possible, so as to avoid any substantial question as to the constitutionality of such provision, we are not able to follow the argument of counsel in its application to the particular question at hand; for, in our view, the statutory provision here in question is clearly constitutional nothwithstanding the fact that the same is construed so as to exclude from its operation the exemption claimed by the appellant in this case. In this connection it is pertinent, perhaps, to note that inasmuch as the taxes here in question are sales taxes, the ultimate incidence of which is upon the consumers of the spirituous liquors sold by appellant and as to which the appellant as a vendor is charged only with the duty of collecting the tax and accounting for the same by the cancellation of the requisite amount of sales tax stamps, any question with respect to the constitutionality of this statutory provision as the same has been here construed and applied by us, can be legally made only by some person or persons other than the appellant as such vendor. See **Fox v Frank, Treas., 52 Oh Ap 483.**

As to the appellant's contention that this Board should strike from the sales tax assessment made against appellant all of that part of the assessment predicated upon the sales of spirituous liquors by the glass. on the stated ground that the so-called "analysis" method which, it is claimed, was used in making an audit with respect to the appellant's sales tax liability as a vendor is sales of spirituous liquors covered by said audit, it is sufficient to observe that whatever may be said with respect to this or any other method in and by which the tax commissioner or his representatives determined that part of the assessment relating to the sale of spirituous

liquors (as to which method or methods of audit no opinion is here expressed), there is nothing in the contention made by counsel on this question which necessarily negatives the fact that under the facts of this case and the law the appellant may have incurred some sales tax liability as a vendor with respect to the sale of spirituous liquors to consumers during the period of the audit here in question. And in this respect appellant's motion is hereby overruled.

The second paragraph of appellant's motion is directed to that part of the sales tax assessment here in question which relates to sales of food; and as to this, appellant's motion is that this part of the assessment be stricken for the stated reason that such sales of food were not made by the appellant, but by lessees of its kitchens at its several places of business in this city. As to this, it appears that such kitchens were leased by the appellant to various persons under some arrangement in each case by which the gross receipts from the sale of foods at appellant's several places of business should be divided by and between appellant and such lessee. However, it does not appear that any of these kitchen lessees were licensed vendors under the Sales Tax Law and were, as such, authorizd to serve meals or otherwise sell food products at appellant's places of business. See **Section 5546-14 GC.** On the contrary, it appears that the appellant was the only licensed vendor at each of its places of business with respect to the sale of foods and other commodities as well. Moreover, aside from the fact that the separate restaurant license required by law is in each case in the name of the appellant company and not in the name of any of its kitchen lessees, it further appears that all food sales are rung up on appellant's cash register in each of its places of business and that such sales taxes as have been collected on the sales of food at appellant's several places of business have been collected by appellant and not by any of such kitchen lessees. In this view we are of the opinion that this branch of appellant's motion is not well taken, and the same is hereby overruled.

I appears to be a conceded fact, however, that in computing appellant's sales tax liability as a vendor with respect to food sales made by it, an error was made which resulted in an overcharge against appellant in the amount of $172.50. The order of the tax commissioner complained of in this appeal is, therefore, modified by deducting this sum of $172.50 from the sum of $4314.60, the total assessment balance, as found and determined by the tax commissioner; and corresponding reduction should be made in the amount of the penalty extended against the assessment by reducing said penalty to the sum of $621.31.

Appellant in and by the third paragraph of its motion, moves the Board to strike out of the sales tax assessment made and extended against the appellant that portion thereof which relates to sales taxes on meals furnished to appellant's employees. Although

that part of appellant's sales tax liability with respect to meals fur-
nished by it to its bartenders and other employees at its several
places of business is inconsequential in amount, the question pre-
sented with respect to the taxability of such meals measured by the
determined value thereof, is one of some difficulty on the incom-
plete record presented in this case. If the several and recurring
transactions in and by which these meals were furnished to ap-
pellant's employees constituted sales under the definitive provisions
of §5546-1 GC, they were in each instance retail sales and, as such,
taxable under the provisions of §5546-2 GC; for there is nothing in
this or any other section of the Sales Tax Law which in terms ex-
cepts or exempts such transactions from the incidence of the sales
tax provided for by said section of the General Code. Touching
this question it is noted that §5546-1 GC, provides, inter alia, as
follows:

" 'Sale' and 'selling' include all transactions whereby title or
possession, or both, of tangible personal property, is or is to be trans-
ferred, or a license to use or consume tangible personal property is
granted, for a consideration in any manner, whether absolutely or
conditionally, whether for a price or rental, in money or by ex-
change or barter, and by any means whatsoever;"

Assuming, as we must, that the meals here in question were not
donated by the appellant to its employees by way of charity or
otherwise, we are led to the conclusion that in each instance the
meals furnished to the employee were part of his compensation for
services rendered by him, as such employee, to the
appellant in connection with the particular work for
which he was employed. And in this view such trans-
action would in each instance be a sale, as that term is defined by
§5546-1 GC, above quoted. In this connection it is pertinent to note
that under date of August 7, 1939, the tax commissioner acting un-
der the authority conferred upon him to this end by §§1464-3 and
1464-4 GC, adopted and certified to the secretary of state Rule 45,
which is as follows:

"Sales or transfers of tangible personal property by an employer
to an employee, either in the form of meals, or in the form of ar-
ticles sold from an employer's stock of merchandise, whether the
transfers are designated as sales or wages, are sales at retail and
subject to the tax. It is immaterial that such sales constitute a
small fraction of the employer's total sales, or that sales are not
ordinarily made at retail."

The only court decisions which have come to our attention
touching this question indicate the view that under the respective

statutory provisions under consideration in the cases noted, meals so served to employees by an employer are not taxable. See State Tax Commission v Burns, 236 Ala. 307, 182 So. 1; in re. Merchants Lunch Rooms, 85 Fed. (2d), 1002; Bismark Hotel Company v Department of Finance, Circuit Court, Cook County, Illinois, December 4, 1935, noted in the Illinois Commerce Clearing House tax service. The first case here cited arose under the Alabama Sales Tax Law in which the term "sale", as used in said law, was more narrowly defined than is the definition of the term given in the provisions of §5546-1 GC, above quoted. The decision of the court in each of the other cases, about noted, was on a construction of the application of the Retail Occupation Tax Law of the State of Illinois. And in this connection it is noted as a matter of some significance, perhaps, that in the federal case, above cited, the court in its decision noted the fact that the tax there in question was an occupation tax rather than a sales tax as such. In any event, we are of the view that these decisions are not convincing with respect to the particular question here presented which, as above noted, must be decided on the construction to be given to the provisions of §5546-1 GC and other related sections of the General Code in their application to the facts presented by the record in this case. And in this connection it may be observed that if the furnishing of the meals in question to appellant's employees constitutes a sale of the food products so furnished, such sale is none the less taxable by reason of the fact that such sale is without profit to the appellant company. Continental Can Co. v Nudelman, Director of Finance, 376 Ill. 446. In the consideration of the question here presented it is a matter of some significance that the value of the meals so served by an employer to employees is properly considered in determining the amount of the employer's pay roll with respect to such employees under the Workmen's Compensation Law of this state, and that, likewise, the value of such meals is taken into consideration with respect to the Sociel Security and Unemployment Compensation Laws in so far as they affect such employer. We are inclined to the view that these transactions constitute sales under the provisions of §5546-1 GC, above noted, and that as such they are retail sales and taxable as such under the provisions of §5546-2 GC. We are of the opinion, therefore, that this branch of appellant's motion is not well taken and the same is hereby overruled.

It is, therefore, by the Board of Tax Appeals considered and ordered that the final order of the tax commissioner complained of in this appeal be modified in the respects above noted and that as so modified said order of the tax commissioner is hereby affirmed.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation, this day taken with respect to the above matter.

HARRY J. ROSE, Secretary.