356

48 So.2d 310

**HAMM, Com'r. of Revenue v. WINDHAM.**

**3 Div. 507.**

Supreme Court of Alabama.
Oct. 26, 1950.

A. A. Carmichael, Atty. Gen., and Gardner F. Goodwyn, Jr., and Willard W. Livingston, Asst. Attys. Gen., for appellant.

Spain, Gillon, Grooms & Young and Frank M. Young, all of Birmingham, for appellee.

LIVINGSTON, Justice.

This bill for a declaratory judgment has for its purpose a determination of whether a person engaged in the restaurant business, who gives to his employees food as an element of compensation for services rendered in and about the preparation and service of food to customers, on which the sales tax is paid, should pay a sales tax on the value of the food thus served to his employees.

In pertinent part the bill of complaint reads: "(4) Complainant is engaged in the business of operating a restaurant where he serves food to the public for a price. Complainant employs over eight employees in connection with his restaurant business, including cooks, waiters, dishwashers, and other employees. The food served is prepared on his restaurant premises. Complainant avers that pursuant to and in line with the custom of restaurant operators in the community where complainant does business, and a general custom among restaurant operators prevailing elsewhere, he pays his employees a definite and fixed sum of money as wages or salary and also permits his employees to eat their meals at said restaurant while on duty, free of any charge. However, no allowance is made for any meal not eaten by any of said employees. Said employee is permitted to eat all kinds of food prepared each day at the restaurant for the pubic but not sold, but said employee is not permitted to eat what is commonly known as "a La Carte orders" or food that is necessary to be prepared specially for such employee. There is no distinction made among the employees with respect to the quality of food each is permitted to eat; and there is no limitation with respect to the quantity of food any employee may eat, except to. the extent that any desired and permissible food may be on hand. Complainant avers that the food the employees are permitted to eat is the food purchased and prepared for sale to the public and remaining on hand after the public has been served a particular meal. After the employees are served their respective meal, all prepared food remaining on hand, with a few exceptions, such as roasted meat, is discharged as waste.

"(5) Complainant further avers that in pursuance of and in line with the custom of permitting his employees to eat their meals at the restaurant without charge, as aforesaid, complainant, in the operation of his business includes the cost of food eaten by employees as an item of expense of doing business, and in turn adds this cost to the price charged the public for food and a sales tax is paid by complainant based upon the amount so charged the public.

"(6) Complainant further avers that he is required to pay and does pay to the State of Alabama Unemployment and Social Security Taxes upon an estimated value of the food eaten by his employees, as well as the wages paid said employees in cash. That Unemployment and Social Security Taxes are paid by complainant to the State of Alabama because such transaction is a payment of wages,—a part in food and a part in cash."

It is apparent that the bill of complaint is designed to bring complainant's case within the protection of the decision of this Court in the case of State Tax Commission v. Burns, 236 Ala. 307, 182 So. 1, decided May 1938. The trial court heard the testimony ore tenus and entered a decree to the effect that complainant was not subject to the payment of a tax under the terms of the Alabama Sales Tax Act as amended by Act 305, approved August 13, 1947, General Acts 1947, page 160, Code 1940, Tit. 51, § 752 for meals served his employees as a part of the compensation paid said employees. The usual presumption attends the findings of the trial court on testimony taken ore tenus.

It is strongly contended by appellant that the facts distinguish the instant case from that of the Burns case, supra. But after a careful reading of the record we

358

find no factual differences as would require special treatment.

As conceded by appellant the decision in this case depends upon the construction and application of section 752 (f) and (j), Title 51, Code of 1940, as amended by Act 305, supra. These sections were amended subsequent to the decision in the Burns case, supra, and added to our statute what is commonly known as the "self-consuming" feature of the Sales Tax Act. Section 752 (e), Title 51, Code of 1940, has remained unchanged.

The self-consuming feature of section 752 (f), Title 51, Code, added by the 1947 amendment, reads as follows: "Said term 'gross proceeds of sale' shall also mean and include the reasonable and fair market value of any tangible personal property previously purchased at wholesale which is withdrawn or used from the business or stock and used or consumed in connection with said business, and shall also mean and include the reasonable and fair market value of any tangible personal property previously purchased at wholesale which is withdrawn from the business or stock and used or consumed by any person so withdrawing the same, except property which has been previously withdrawn from such business or stock and so used or consumed and with respect to which property the tax has been paid because of such previous withdrawal, use or consumption, and except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same."

Section 752 (j), as amended by Act 305, supra, reads in part as follows: "The term 'sale at retail' or 'retail sale' shall also mean and include the withdrawal, use or consumption of any tangible personal property by anyone who purchases same at wholesale, except property which has been previously withdrawn from the business or stock and so used or consumed and with respect to which property the tax has been paid because of such previous

withdrawal, use or consumption, and except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same; and such wholesale purchaser shall report and pay the taxes thereon."

■ It is argued that the amendments quoted above render the appellee liable for the tax upon the meals eaten by his employees. But it was definitely held in the Burns case, supra, [236 Ala. 307, 182 So. 3] that stocks of food are "purchased and compounded for resale." Further that the "mere fact that some of the goods in the operation of the business are taken from the general stock designed for resale and consumed in the conduct of the business does not make them sales to that extent, and were not so when the articles were a part of the wholesale bulk sold to the proprietor for resale in a compounded form."

The exception in the amended portion of section 752 (f), Title 51, Code reads: "and except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same." The same exception is found in section 752 (j), supra.

■■ Since appellee here, under the authority of the Burns case, supra, is held to be in the business of "compounding for resale," we see no escape from a holding that, under the facts here presented, he falls squarely within the exceptions of the amendments of section 752 (f) and (j), Title 51, Code, noted above. So viewed, the decree of the trial court is due to be affirmed.

Affirmed.

All the Justices concur, except GARDNER, C. J., not sitting.