GAPERS, INC., Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

(No. 57024;

First District (1st Division)—July 2, 1973.

*Rehearing denied July 23, 1973.*

Richard J. Short, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, (Donald S. Carnow, Assistant Attorney General, of counsel,) for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

An assessment of $12,040.88, plus statutory penalties, covering the period from February 5, 1966 through December 14, 1968, was made by the Department of Revenue of the State of Illinois (Department) under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1961, ch. 120, par. 440 *et seq.*), against Gapers, Inc. (plaintiff). This action was reviewed in the circuit court of Cook County (Ill. Rev. Stat. 1969, ch. 110, par. 264 *et seq.*) and was affirmed. Plaintiff appeals.

Plaintiff operates a home catering business. It arranges parties at the homes of its customers for which it provides all necessary food, beverages, linen, glassware and personnel. All of these items are delivered to the home by truck which remains until conclusion of the meal. The truck then returns unused items as well as equipment supplied by plaintiff.

As a general custom, a representative of plaintiff confers with the customer at the home of the latter. They agree upon the number of guests; number of required personnel; whether necessary equipment, such as glassware, chairs and linen, is to be furnished by the customer or delivered by plaintiff; the menu; nature and quantity of beverages and the charge. There is also discussion at this meeting regarding the cost of trucking involved in transporting the food and equipment to and from the customer's home. The hearing referee of the Department, who heard detailed evidence in the case, noted as one of his findings:

> "It would also appear that although the taxpayer, in sending invoices to his [sic] customers, did not segregate the trucking charges, there is substantial proof that those charges were separately contracted for when the taxpayer's consultant met with the ultimate customer."

Examination of many of the invoices shows the factual basis for this finding. There are charges made for provisions and other items; and, as a general matter, the tax is computed only on these amounts and not on the trucking charges, which are separately shown. It is undisputed by the parties that, in preparing its tax returns for the period in issue for computation of the tax, plaintiff deducted the total cost of trucking services from its gross receipts.

In this court, plaintiff contends that, under the rules and regulations of the Department, plaintiff was entitled to deduct the trucking expense. The Department insists that delivery charges are part of plaintiff's cost of doing business and therefore may not be deducted from gross receipts prior to computation of the Retailers' Occupation Tax.

There is no dispute between the parties concerning the facts. The issue for resolution is entirely one of law and necessitates interpretation of the pertinent statute and of the applicable regulations of the Depart-

ment to determine whether plaintiff is authorized to deduct trucking expense.

The pertinent statute provides (Retailers' Occupation Tax Act, Ill. Rev. Stat. 1971, ch. 120, par. 440):

" 'Selling price' or the 'amount of sale' means the consideration for a sale valued in money * * * and shall be determined without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost or any other expense whatsoever, * * *."

In administering this statute, the Department has promulgated articles commonly known as the Rules and Regulations of the Illinois Department of Revenue. Two of these articles are pertinent here and will be quoted. Article III, § 3 reads as follows:

"Cost of Doing Business Not Deductible

In computing retailers' occupation tax liability, no deduction shall be made by a taxpayer from gross receipts or selling prices on account of the cost of property sold, the cost of materials used, labor or service costs, freight or transportation costs, overhead costs, clerk hire or salesman's commissions, interest paid by the seller or any other expenses whatsoever."

Article III, § 4(a) of the Department's Articles under the Retailers' Occupation Tax Act provides:

"Transportation and Delivery Charges

Transportation and delivery charges are considered to be freight, express, mail, truck or other carrier, conveyance or delivery expenses.

The answer to the question of whether or not a seller, in computing his retailers' occupation tax liability, may deduct, from his gross receipts from sales of tangible personal property at retail, amounts charged by him to his customers on account of his payment of transportation or delivery charges in order to secure delivery of the property to such customers, or on account of his incurrence of expense in making such delivery himself, depends, not upon the separate billing of such transportation or delivery charges or expense, but upon whether the transportation or delivery charges are included in the selling price of the property which is sold or whether the seller and the buyer contract separately for such transportation or delivery charges by not including such charges in such selling price.

If such transportation or delivery charges are included in the selling price of the tangible personal property which is sold, the transportation or delivery expense is an element of cost to the

seller within the meaning of Section I of the Retailers' Occupation Tax Act, and may not be deducted by the seller in computing his retailers' occupation tax liability.

On the other hand, where the seller and the buyer agree upon the transportation or delivery charges separately from the selling price of the tangible personal property which is sold, then the cost of the transportation or delivery service is not a part of the 'selling price' of the tangible personal property which is sold, but instead is a service charge, separately contracted for, and need not be included in the figure upon which the seller computes his retailers' occupation tax liability."

Plaintiff's argument is predicated upon § 4(a) above quoted. Plaintiff takes the position that since the hearing referee found that the delivery charges were separately contracted for when the taxpayer's consultant met with the ultimate customer, that § 4(a) must necessarily be applied with the result that plaintiff was authorized to deduct the entire cost of trucking from computation of its tax. We cannot agree with this argument for a number of cogent reasons.

■■ The pertinent statute necessarily forms the governing basis for the method of computing the tax. As above set forth, the statute expressly provides that the selling price shall be determined without any deduction for labor or service cost or any other expense whatsoever. The meaning of this definition seems clear, definite and unambiguous. It forbids the deduction attempted by plaintiff. It would follow necessarily that the Department would be without legal authority to limit or extend the statutory definition by its own Rules and Regulations. *Ex-Cell-O Corp. v. McKibbin,* 383 Ill. 316, 50 N.E.2d 505.

We find this interpretation of the statute strongly supported by the Supreme Court in *Vause & Striegel, Inc. v. McKibbin,* 379 Ill. 169, 39 N.E.2d 1006. In commenting upon this statutory definition of the term "selling price" the Supreme Court held (379 Ill. at 172):

"The language employed is not only free from ambiguity but is specific to the effect that the 'selling price' or the 'amount of a sale' is to be determined without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost, or 'any other expense whatsoever.' These words are all-embracing in their scope. (*Gee Coal Co. v. Department of Finance,* 361 Ill. 293.) The obvious meaning of the expression 'any other expense whatsoever' precludes the deduction which plaintiffs seek to make in determining their selling price for tax purposes."

■■ Furthermore, although plaintiff's argument sounds logical if one

reads only § 4(a) of the Rules and Regulations, this is dissipated by an examination of § 3 of the Rules. Certainly in determining this question we cannot confine our examination to any one section or paragraph of the Rules but we must read and study all of them together as one unit. *Mills v. County of Winnebago*, 104 Ill.App.2d 366, 244 N.E.2d 65 and *People v. Carter*, 376 Ill. 590, 592, 35 N.E.2d 64.

Examining the language of § 3, it states clearly that, in computing tax, plaintiff may not deduct from gross receipts of selling prices any labor or service costs or freight or transportation costs. This language seems quite definite and it is further clarified and accentuated by an additional element. The Department has also issued a series of Rules which in effect serve to elaborate upon the Regulations above quoted. Rule 7 provides that persons engaged in the business of selling meals to purchasers for use or consumption incur Occupation Tax liability upon receipts from such sales. The Rule states that it includes, but is not limited to, a number of types of vendors specifically including caterers.

Forbidding the deduction by plaintiff also seems quite logical and reasonable in the case at bar. As the hearing referee specifically pointed out, plaintiff has not only agreed to prepare the necessary food and provide the equipment required for its consumption, but has agreed that the contract shall be performed at the home of the customer. In such case, as the referee noted, "* * * the delivery becomes as important to the seller as to the buyer; it becomes an inseparable link in the chain of events leading to the completion of the sale of meals to purchasers and not merely incidental to the purpose of the taxpayer's business of catering private parties in its customer's homes."

We are in accord with the findings and conclusions of the referee as approved by the trial court after administrative review.

Judgment affirmed.

BURKE, P. J., and HALLETT, J., concur.