BRADLEY, Judge.
On October 12, 1983 the State of Alabama, Department of Revenue (Revenue) entered a final sales tax assessment against Morrison Cafeterias Consolidated, Inc. of Delaware (Morrison) in the amount of $94,221.51. Morrison appealed this assessment to the Circuit Court of Mobile County. That court entered summary judgment in favor of Morrison, abating the sales tax assessment. Revenue appeals to this court.
Morrison is engaged in the business of operating a restaurant where food is served to the public for a price. The food served in the cafeterias is prepared by Morrison employees on the cafeteria premises for sale at retail to the public. An employee’s compensation consists of a fixed hourly cash wage and participation in the Morrison Employee Meals Program. The Employee Meals Program allows cafeteria employees unlimited consumption of one meal per day from a variety of food items offered daily for sale to customers. The employees are not charged for these meals, but the average cost is treated as an expense of doing business and is one of many factors used in determining the ultimate retail price to be charged to the general public.
Revenue contends that the value of the food consumed by Morrison’s employees is properly subject to the Alabama sales tax and that the circuit court erred in not so holding.
The applicable law is set out in section 40-23-l(a)(6), (1984 Cum.Supp.), Code 1975, which defines gross proceeds of sales, and section 40-23-l(a)(10), Code 1975, which defines a retail sale. These sections contain what is commonly referred to as the “self consuming” or “withdrawal for use” feature in the sales tax law. Section 40-23-l(a)(10), Code 1975, reads in part as follows:
“The term ‘sale at retail’ or ‘retail sale’ shall also mean and include the withdrawal, use or consumption of any tangible personal property previously purchased at wholesale by a person engaged in the business of selling at retail tangible personal property from the business or stock for the personal and private use or consumption, without transfer of title, in connection with the business or by the person so withdrawing, using or consuming the same, except property which has been previously withdrawn from the business or stock and so used or consumed and with respect to which property tax has been paid because of such previous withdrawal, use or consumption, and except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured, fabricated or compounded for sale....”
Our courts have frequently held that the purpose of the “self-consuming” feature is to tax transactions which could not otherwise be taxed because there was a with *897 drawal, use, or consumption by the purchaser at wholesale, but no sale by him to another. See State v. Kershaw Manufacturing Co., 273 Ala. 215, 137 So.2d 740 (1962); State v. Helburn Co., 269 Ala. 164, 111 So.2d 912 (1959). In order for the sales tax to apply to a self-consuming transaction, there must be a withdrawal by the purchaser for his personal and private use, and no sale to another.
Morrison purchased its raw materials at wholesale without payment of sales and use tax thereon. Revenue contends that the food provided to the employees constitutes a retail sale because Morrison withdrew the food for its own personal use and consumption. We disagree.
We consider the supreme court’s decisions in Hamm v. Windham, 254 Ala. 356, 48 So.2d 310 (1950) and State Tax Commission v. Burns, 236 Ala. 307, 182 So. 1 (1938), to be controlling on the case sub judice. The facts in these cases are virtually identical to those contained in the case at bar. In both of these cases the supreme court held that no sales tax was due on the withdrawal of food by taxpayer for consumption by restaurant employees. This consumption was viewed as merely an incident to the manufacturing and compounding process of the food for the general public. The employees merely consumed a part of the produce in the course of offering food to the public for sale.
Revenue argues that Burns, supra, is not controlling precedent since it was decided before the self-consuming feature of the sales tax law was added by amendment. However, Windham, supra, was decided after the self-consuming feature was added in 1947, which amendment is very similar to our present law. See Tit. 51, § 752, Code 1940, as amended by Act 305, General Acts of Alabama 1947. In Windham, supra, the supreme court determined that the addition of the “self-consuming” feature to our sales tax law would not change the result in Bums.
Revenue concedes that the cases cited above are in direct support of Morrison’s position that the withdrawals are not subject to a sales tax, but urges this court to set aside these cases in light of more recent decisions by our court and the supreme court which establish such withdrawals as subject to the sales tax. Revenue relies on several cases to support its contention. See Alabama Precast Products, Inc. v. Boswell, 357 So.2d 985 (Ala.1978); State v. Kershaw Manufacturing Co., supra; State v. T.R. Miller Mill Co., 272 Ala. 135, 130 So.2d 185 (1961).
In Precast taxpayer manufactured precast channel roof slabs for sale. Taxpayer entered into a contract to furnish slabs for buildings with a South Carolina company and withdrew raw materials from its stock in order to fulfill this contract. Taxpayer tried to fit within the exception to the sales tax for “property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same_” Tit. 51, § 786(2)(j), (Cum.Supp.1973) Code 1940. The court, however, held that the withdrawal was for the personal and private use of taxpayer and that there was no sale to a consumer. The raw materials withdrawn by taxpayer were ingredients of personal property used by taxpayer to perform its contract. Other cases cited by Revenue contain similar discussions. These cases, however, are distinguishable from the case at bar.
In Burns and Windham, supra, the only food given the employees was food that was compounded for sale to the public but was not sold. The value of the food eaten by employees is added to the price charged the retail customer and the sales tax is paid on this amount. As stated above, the purpose of the self-consuming feature is to reach transactions that could not otherwise be taxed; here, there was no avoidance of a levy of the sales tax. In Bums the supreme court stated that:
“[T]he food [the employees] consume is not purchased for consumption by the employees, but is purchased for resale, and is compounded and prepared with that as its purpose.... The mere fact that some of the goods in the operation *898 of the business are taken from the general stock designed for resale and consumed [by the employees] does not make them sales to that extent-”
The supreme court has not modified nor questioned its decision in Burns and Wind-ham in subsequent opinions, nor are we permitted to do so. See § 12-3-16, Code 1975.
We find that the restaurant’s disbursement of food to its employees did not constitute a retail sale as defined in § 40-23-l(a)(10), Code 1975, but instead constitutes property compounded for sale. We therefore conclude that the trial court properly vacated Revenue's final assessment of sales tax due on food provided to Morrison employees.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.