ADAMS, Justice.
Morrison Cafeterias Consolidated, Inc., of Delaware (hereinafter Morrison) was assessed a sales tax of $94,221.51 by the State of Alabama Department of Revenue. The sales tax was based on the value of food consumed by Morrison employees as part of a compensation plan. Morrison appealed the assessment to the Circuit Court of Mobile County, which granted summary judgment in favor of Morrison. The State appealed to the Court of Civil Appeals, 487 So.2d 895, which affirmed the judgment.
We granted the State’s petition for a writ of certiorari to decide whether food withdrawn from inventory by Morrison and dispensed to employees as partial payment of wages is subject to sales tax pursuant to the “withdrawal for use” tax provisions of Code 1975, § 40-23-l(a)(6). We hold that the withdrawal of this food is subject to the sales tax and we, therefore, reverse the decision of the Court of Civil Appeals.
Section 40-23-2 of the Code of Alabama levies a sales tax based on gross sales or gross receipts. There is no dispute that Morrison is generally subject to this tax. The dispute lies in whether the sales tax applies to food consumed by employees under the Morrison Employee Meals Program. Under this program, cafeteria employees are entitled to unlimited consumption of one meal per day from the same food items offered to customers. This meal and a certain fixed hourly cash wage constitute the employee’s compensation.
Our sales tax code sections contain language applicable to property withdrawn from the business stock or inventory and used for personal consumption. In the definitions provided in Code 1975, § 40-23-1, the following language appears:
Said term “gross proceeds of sale” shall also mean and include the reasonable and fair market value of any tangible personal property previously purchased at wholesale which is withdrawn or used from the business or stock and used or consumed in connection with said business, and shall also mean and include the reasonable and fair market value of any tangible personal property previously purchased at wholesale which is withdrawn from the business or stock and used or consumed by any person so withdrawing the same, except property which has been previously withdrawn from such business or stock and so used or consumed with respect to which property the tax has been paid because of such previous withdrawal, use or consumption, and except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same.
Code 1975, § 40-23-l(a)(6). The definition of “retail sale” includes similar language:
The term “sale at retail” or “retail sale” shall also mean and include the withdrawal, use or consumption of any tangible personal property by anyone who purchases same at wholesale, except property which has been previously withdrawn from the business or stock and so used or consumed and with respect to which property the tax has been paid because of such previous withdrawal, use or consumption, and except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same....
Code 1975, § 40-23-l(a)(10). The above sections are commonly called the “withdrawal for use” or “self-consuming” provi *900 sions of the Code. The purpose of these sections has been stated in this way:
The “self-consuming” features of the statutes were enacted to reach transactions which could not otherwise be taxed because, although there is a withdrawal from inventory by the purchaser at wholesale, there is no subsequent sale by him to another. State v. Barnes, 45 Ala.App. 522, 233 So.2d 83 (1970). In order for tax liability to obtain in a particular “self consuming transaction,” there must, of necessity, be a personal and private use or consumption by the manufacturer. See, e.g., State v. Kershaw Mfg. Co., 273 Ala. 215, 137 So.2d 740 (1962).
State v. Kershaw Manufacturing Company, Inc., 372 So.2d 1325 (Ala.Civ.App.1979).
In the present case, the State argues that the food Morrison provides its employees is pulled from inventory for personal use, that is, to fulfill contractual obligations with its employees. Since Morrison purchased the food at wholesale, thereby escaping a sales tax, and since the food is given to employees without the payment of a sales tax, then, according to the State, the sales tax is rightfully imposed pursuant to Code 1975, § 40-23-l(a)(6) and (10).
Morrison, on the other hand, argues that the food provided to its employees falls within the exception provided in § 40-23-1(a)(6) and (10), which excludes from the “self-consuming” provision “property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same.” Id. Morrison argues that the food consumed by its employees constructively becomes a component of the food sold at retail, because the former stock is consumed in the production of the latter.
This Court addressed this same issue in State Tax Commission v. Burns, 236 Ala. 307, 182 So. 1 (1938), although a somewhat different statute was involved. The statute defined a retail sale in this way:
The term “sale at retail” or “retail sale” shall mean all sales of tangible personal property except those above defined as wholesale sales. The quantities of goods sold or prices at which sold are immaterial in determining whether or not a sale is at retail, except as herein expressly provided. Sales of building materials to contractors, builders or landowners for resale or use in the form of real estate are retail sales in whatever quantity sold. Sales of tangible personal property or products to manufacturers, quarry, mine operators or compounders, which are consumed by them in manufacturing, mining, quarrying or compounding and do not become an ingredient or component part of the tangible personal property manufactured or compounded are retail sales. [Emphasis added.]
Act No. 126 of February 23,1967, Gen.Acts 1936-37, Sp.Sess., page 125, § l(i). Under this provision, the initial sale to a manufacturer or compounder, of products consumed in the production of goods was considered a retail sale, unless that product became a component part of what was manufactured or compounded. This differs slightly from the statute we presently interpret, because the newer provision considers the initial sale as a wholesale purchase, while the subsequent withdrawal of the goods from inventory for self-consumption becomes taxable as a retail sale.
In Burns, the Court held that the food consumed by restaurant employees as part of their compensation was not the object of a retail sale and thus not subject to tax because the food was constructively a component part of the product compounded. The Court reasoned as follows:
When a restauranteur compounds food for sale, the elements of the product thus sold embrace not only the raw material but the service rendered in producing the finished article of food. The fact that in rendering that service other articles of material or of food are consumed in the process does not render the consumption of such articles sales as con *901 templated by the sales tax act in question. Act of February 23, 1937, Gen. Acts 1936-37, Sp.Sess., page 125. Those articles are constructively a part of that which is sold, and enhances [sic] its value on the basis of which the sales tax is paid. To tax such enhanced value on its sale, and some of its ingredients separately because they were consumed in its preparation, though they were but a feature of the service rendered, was not probably the legislative intent. [Emphasis added.]
236 Ala. at 309, 182 So. at 2. On rehearing, the Court noted that if the restaurant purchased food at wholesale for the purpose of consumption by employees, then that purchase would be taxable as a retail sale. The opinion continues:
The mere fact that some of the goods in the operation of the business are taken from the general stock designed for resale and consumed in the conduct of the business does not make them sales to that extent, and were not so when those articles were a part of a wholesale bulk sold to the proprietor for retail in a compounded form.
236 Ala. at 309. 182 So. at 3. The Burns decision, therefore, puts great importance on the purpose of the original purchase, and not on a subsequent withdrawal from inventory. This is understandable in light of the 1937 Act’s treatment of the initial sale of self-consumed products as a retail sale.
In Hamm v. Windham, 254 Ala. 356, 48 So.2d 310 (1950), the Court again addressed this issue. The decision, however, was based upon an interpretation of Title 51, § 752(f) and (j), Code 1940, which section was adopted after the Burns case. This section is the original “self-consuming” provision, the precursor of § 40-23-1, and is worded in the same way.
The Court held in Hamm that food withdrawn from inventory and consumed by employees was not subject to a sales tax. The decision relies heavily on Bums, however, which, as discussed above, interpreted a different statute. In Hamm, the Court first summarizes Bums as holding that 1) stocks of food are purchased and compounded for resale, and 2) the withdrawal and consumption of food originally purchased for resale do not constitute a retail sale. The opinion then goes on to address the statute involved:
The exception in the amended portion of section 752(f), Title 51, Code reads: “and except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same.” The same exception is found in section 752(j), supra.
Since appellee here, under the authority of the Burns case, supra, is held to be in the business of “compounding for resale,” we see no escape from a holding that, under the facts here presented, he falls squarely within the exceptions of the amendments of section 752(f) and (j), title 51, Code, noted above.
254 Ala. at 358, 48 So.2d at 312. Hamm, therefore, interprets the “withdrawal for use” or “self-consuming” provision on the basis of Bums, which construed a different statute.
We question the logic of Bums in its holding that food consumed by employees “constructively” becomes an ingredient or component part of the food sold to the public. Notwithstanding this, however, we note that, on rehearing, Bums emphasized the purpose of the initial inventory purchase as bearing on whether a withdrawal from inventory would be taxed, undoubtedly because the Act construed in that case made the initial sale a retail sale if the product was to be consumed in production of other goods. Given the fact that Hamm construed a different statute, Hamm ⅛ reliance on Bums was misplaced. While the statute construed in Bums concerned the initial purchase of inventory, the “self-consuming” provision involved in Hamm and in the present case concerns the subsequent withdrawal from inventory of goods *902 originally purchased at wholesale. We now hold that Burns is not controlling in our interpretation of the “self-consuming” provision, and further, that Hamm incorrectly relied on Bums and must be overruled. The consumption of food by employees in restaurants will no longer be treated differently from the consumption of products by other manufacturers and compounders.
In State v. T.R. Miller Mill Co., 272 Ala. 135, 130 So.2d 185 (1961), the Court applied the “self-consuming” provision to a manufacturer of lumber and other products, which purchased logs and other raw materials at wholesale, but which withdrew a portion of these materials from its inventory for necessary repairs and improvements among the departments in the company. The Court, in holding that the withdrawal for use constituted a retail sale, stated the following:
The purpose of the retail sales tax is to tax the ultimate consumer, regardless of who this may be. When the appellee purchased its raw materials there was no retail sale because at that time it could not be ascertained that some of the materials would be consumed by it rather than manufactured for resale. The trial judge held that Subdivision (j) did not apply to render the withdrawal a retail sale because it “expressly excepts ‘property which enters into and becomes an ingredient or component part of * * * products manufactured * * *.’ ” But the remainder of the sentence qualifies the exception. We start again with the last quoted word— “* * * manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same; * * *.” Here the lumber withdrawn was used by the ap-pellee.
272 Ala. at 139, 130 So.2d at 189. We cannot distinguish T.R. Miller Mill Co. from the present' case. Morrison purchases raw food at wholesale. This food is prepared and sold at retail, at which time a sales tax is paid. Morrison withdraws some portion of this food from its inventory, however, and that portion is used for Morrison’s own purposes, is not sold, and therefore escapes taxation. The intention of the legislature was to close this tax loophole with the “self-consuming” provision.
We quote again from T.R. Miller Mill Company:
It is true that the construction of the meaning of a tax levy is to be strictly construed against the State and in favor of the taxpayer. State v. Reynolds Metals Co., 263 Ala. 657, 83 So.2d 709. But, the court will indulge no strained construction to give effect to this rule where a fair interpretation of the legislative intent may lead to a contrary conclusion; arbitrary rules of construction are of little value when the real intention can be gathered from the act itself. State v. Wertheimer Bag Co., 253 Ala. 124, 43 So.2d 824.
272 Ala. at 139, 130 So.2d at 188. We hold that the consumption of food by employees of Morrison is exactly the type of transaction sought to be taxed by § 40-23-l(a)(6) and (10). We distinguish Burns, supra, as not being applicable to the statute at hand, and note that such a distinction has been made before. See State v. Bemis Brothers Bag Company, 267 Ala. 161, 100 So.2d 736 (1958). We hold that Hamm, supra, is no longer sound authority insofar as it construes the “self-consuming” provision. The withdrawal of food from a restaurant’s inventory formerly purchased at wholesale, and the personal use of that food, in that it is consumed by employees, constitutes a retail sale and subjects the restaurant to the sales tax pursuant to Code 1975, § 40-23-l(a)(6) and (10).
For the above reasons, the judgment of the Court of Civil Appeals is reversed and the cause remanded for an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.

*903
On Application for Rehearing

We have granted appellee’s application for rehearing to determine whether our decision in the instant case should operate prospectively or retrospectively.
The determination of retroactive or prospective application of a decision overruling a former decision is a matter of judicial discretion which must be exercised on a case by case basis. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); City of Birmingham v. Brasher, 359 So.2d 1153 (Ala.1978).
As stated in Cooper v. Hawkins, 234 Ala. 636, 638, 176 So. 329, 331 (1937), “where parties have acted upon the law as clearly declared by judicial decision, they will be protected, although such decisions are thereafter overruled. Farrior v. New England Mortgage Security Co., 92 Ala. 176, 9 So. 532 [ (1891) ]_” In fairness to all, including the appellee, who have justifiably relied upon this Court’s previous holding in Hamm v. Windham, 254 Ala. 356, 48 So.2d 310 (1950), that food withdrawn from inventory and consumed by employees is not subject to sales tax, we hold that our decision in the instant case shall be given prospective application only.
APPLICATION FOR REHEARING GRANTED; OPINION EXTENDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.
HOUSTON, J., not sitting.