We have granted the health council's application for rehearing only to determine whether our decision in the instant case should operate prospectively or retroactively. The determination of retroactive or prospective application of our decision is a matter of judicial discretion, which must be exercised on a case by case basis. State v. Morrison CafeteriasConsol., Inc., 487 So.2d 898 (Ala. 1985), citing Linkletter v.Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), andCity of Birmingham v. Brasher, 359 So.2d 1153 (Ala. 1978). *Page 1188 
In accordance with the spirit of fairness of Traylor's acquiescence in a prospective application of our decision, and to avoid the threat of costly litigation noted by the health council, we hold that our decision shall be given prospective application only to the SHP and its amendments, except for the CON's involving the "swing bed" amendment, to which our decision shall be given retroactive application.
APPLICATION FOR REHEARING GRANTED IN PART AND DENIED IN PART; OPINION EXTENDED.
MADDOX, JONES, HOUSTON and STEAGALL, JJ., concur.
SHORES, J., dissents.
HORNSBY C.J., not sitting.