(No. 26446.—

VAUSE & STRIEGEL, INC., *et al.* Appellants, *vs.* GEORGE B. McKIBBIN, Director of Finance, *et al.* Appellees.

*Opinion filed January 20, 1942—Rehearing denied March 11, 1942.*

JOHN H. GATELY, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH B. FLEMING, VERNON M. WELSH, and WAYNE F. SWONK, of counsel,) for appellants.

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, JR., of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal presents for decision the validity of rule No. 20 promulgated by the Department of Finance, pursuant to section 12 of the Retailers' Occupation Tax act. So far as relevant to this inquiry, rule No. 20 provides: "Regardless of how the retailer may set up his selling price, he is required to pay a tax measured by his gross receipts. For example, where a merchant follows the practice of selling an article for $1.00 and adds 3 cents thereto to reimburse himself for the three per cent tax which he will be required to pay, his gross receipts from such sale are $1.03, and he will be required to pay a tax at the rate of three per cent of $1.03 and not at the rate of three per cent of $1.00." By their complaint filed in the circuit court of Cook county the plaintiffs, Vause & Striegel, Inc., and three others, sought to restrain the Director of

Finance from enforcing rule 20 incident to the collection of the retailers' occupation tax. Defendants, the Director of Finance, the Treasurer of the State and the Attorney General, interposed a joint and several answer, the cause was heard upon a stipulation of facts, and a decree rendered dismissing the complaint for the want of equity. From this decree, plaintiffs appeal directly, the revenue being involved.

Plaintiffs are engaged in the business of selling tangible personal property at retail to purchasers for use or consumption. The retailers price their items in advance and advertise in papers, circulars, placards and price tags, the price of the merchandise offered for sale to the public. After a purchaser appears in response to such an invitation and makes an offer which one of the plaintiffs accepts, the tangible personal property is either delivered or ascertained and designated for future delivery, to the purchaser at the time. When the goods are ascertained and the price stated, the retailer advises the purchaser that he must pay, in addition, an amount conformably to the following schedule: 1c to 14c no tax; 15c to 50c 1c tax; 51c to 83c 2c tax; 84c to $1.16 3c tax. In some instances, upon the refusal of a customer to pay the additional amount, the sales are consummated without such payment being made. Some merchants, however, decline to complete the sale unless the consumer makes the payments set forth in the schedule. Before the merchandise is delivered, or upon the collection by the merchant in a monthly statement, the merchant obtains the additional charge.

Plaintiffs make the contention, among others, that the "selling price" or the "amount of a sale" may be determined with a deduction for an additional sum to cover the retailers' occupation tax where it is collected as a tax. They concede that if a retailer prices an article of merchandise at $1.03 without indicating before, at, or after the sale that three cents of the sum named is to be treated as

a separate charge or item the merchant incurs a tax measured by the quoted price, namely, $1.03. The narrow issue is, accordingly, whether the retailer must pay the tax upon $1.03 or $1.00 where he prices the same article at $1.00 but receives in payment therefor $1.03, the additional three cents being designated, as between the retailer and consumer, a payment of tax.

Section 1 of the Retailers' Occupation Tax act (Ill. Rev. Stat. 1941, chap. 120, par. 440, p. 2660) defines "selling price" or the "amount of a sale" as "the consideration for a sale valued in money whether received in money or otherwise, including cash, credits, services and property of every kind or nature and shall be determined, without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost, or any other expense whatsoever." The same section further declares: " 'Gross receipts' from the sales of tangible personal property at retail means the total selling price or the amount of such sales." Plaintiffs insist that the statutory definition of "selling price" manifests a legislative intent to exempt the additional charge of three cents from the tax. The language employed is not only free from ambiguity but is specific to the effect that the "selling price" or the "amount of a sale" is to be determined without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost, or "any other expense whatsoever." These words are all-embracing in their scope. (*Gee Coal Co.* v. *Department of Finance,* 361 Ill. 293.) The obvious meaning of the expression "any other expense whatsoever" precludes the deduction which plaintiffs seek to make in determining their selling price for tax purposes. Had the General Assembly intended to permit a deduction from the aggregate sum received by the retailer of the amount paid by the customer on account of the payment of retailers' occupation tax appropriate lan-

guage would undoubtedly have been employed to accomplish its purpose.

Plaintiffs insist that the additional charge to cover the occupation tax received by them is a separate item and not a part of the true selling price. It is pointed out that they have transacted their sales and received the additional three cents from the consumer subsequent to the sale,—not as a part of the selling price. The plain purpose of the Retailers' Occupation Tax act to exact the tax upon all those engaged in the business of selling at retail in this State cannot be so readily circumvented and payment of the tax so easily evaded. Conceding that retailers and their customers, in some transactions, as disclosed by the stipulated facts, make a distinction between (1) the money paid for the property transferred and (2) the added charge on account of the retailers' occupation tax, the concession cannot aid them until and unless the legislature makes the same distinction. The mere fact that the retailer and the consumer may, by a particular form of billing, denominate the three cents additional charge in one instance a tax and in another a part of the selling price is not decisive. Manifestly, the State cannot be deprived of the tax upon the actual selling price irrespective of the form of invoice agreed upon by a retailer and the purchaser from him. Again, so far as the consumer is concerned, the selling price is $1.03, irrespective of the manner of bookkeeping. If a retailer elects to add the three cents exacted of him by the law to the original selling price of $1.00 he is not in a position to complain when the State demands that he pay a tax on the amount actually received by him from the consumer, namely, $1.03. In short, where a retailer adds the tax which he is required to pay, to the purchase price of the merchandise sold by him, he must pay the tax on the total amount received by him from the consumer. The tenuous distinction urged by plaintiffs cannot be sus-

tained. It follows, necessarily, that rule No. 20 of the Department of Finance, to the extent challenged, is valid.

*Winter* v. *Barrett,* 352 Ill. 441, sustains the decree rendered. The Sales Tax act of 1933 defined "selling price" as "the price paid or to be paid without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost, interest or discount paid, or any other expense whatsoever." It will be observed that the foregoing definition is essentially the same as the definition in section 1 of the Retailers' Occupation Tax act. One of the numerous contentions made in *Winter* v. *Barret, supra,* was that the sales tax was a tax on the consumer of the property. Rejecting this contention, this court said: "By the provisions of the act they are neither required to take nor prohibited from taking into consideration the amount of tax to be paid by them in fixing the selling price of articles sold. They must pay the tax. If prior to April 1, 1933, the selling price of an article was one dollar, and thereafter the seller, taking into consideration the tax in fixing the price of the article, charges one dollar and three cents for the same article, he cannot report that the cash received from the sale of the article was one dollar and that the three cents was collected as tax, but in reporting his receipts he must report the total amount received—that is, one dollar and three cents—and pay as tax three per cent of that amount. So it appears that the tax is on the seller." The judicial construction accorded the term "selling price," as used in the Sales Tax act, applies with like force to the same expression in the Retailers' Occupation Tax act, defined in substantially the same language employed in the earlier act.

Plaintiffs place reliance, however, upon the definitions of "gross proceeds" and "gross receipts" of four other States in statutes corresponding to our Retailers' Occupation Tax act. The statement is made that in each of these States the enforcement agency has interpreted the statute

in consonance with the construction urged in the present case. Apart from the fact that authorities are not cited in support of plaintiffs' assertion, our own statute affords the best means of its exposition. Where, as here, the legislative intent can be ascertained from its own provisions, such intent will prevail without resorting to other aids for its construction. 2 Lewis' Sutherland on Stat. Const. (2d ed.) secs. 348, 366; *People ex rel. Barrett* v. *Oregon State Savings Bank,* 357 Ill. 545.

Plaintiffs maintain further that section 2 of the statute, as amended in 1941, effective July 1, 1941, (Ill. Rev. Stat. 1941, chap. 120, par. 441, p. 2661,) reveals the intention of the legislature to exempt the additional sum of money from "gross receipts." By the amendatory act the rate of tax was reduced from three per cent of the "gross receipts" to "two per cent (2%) of ninety-eight per cent (98%) of the gross receipts" from sales after June 30, 1941. The argument is advanced that this change demontrates the "selling price" does not and was never intended to, include the tax reimbursement item demanded and received by plaintiffs from their customers. An equally tenable argument is that the change conclusively reflects an intent to change the definition of "selling price." In any event, section 2, as recently amended, changes the rate and not the basis, including the additional charge, upon which the rate is to be computed. In the revision of statutes neither an alteration in phraseology, nor the omission or addition of words in the later statute, necessarily alters the construction of the former act. A change of construction is authorized only where the intent of the legislature is clear or the language used in the revised statute plainly requires it. (*Bartholow* v. *Davies,* 276 Ill. 505.) Neither a clear legislative intent nor the plain terms of section 2, as amended, require a change of construction.

The decree of the circuit court is affirmed.

*Decree affirmed.*