LESLIE CAR WASH, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Second District (2nd Division)    No. 74-387

Opinion filed July 13, 1976.

William J. Scott, Attorney General, of Chicago (Jerrald Abrams, Bonny Barezky, and Patricia Rosen, Assistant Attorneys General, of counsel), for appellant.

Theodore Fields, of Wylie & Mulherin, of Wheaton, and Young & Gust, of Lombard, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Du Page County, Illinois, rendered in administrative review proceedings, which reversed a decision of the Illinois Department of Revenue that Leslie Car Wash was liable for $20,874.78 for retailers' occupation tax and use tax and

$4,278.17 for municipal retailers' occupation tax, including interest and penalties.

Leslie Car Wash is an Illinois corporation which operates a car wash service and sells gasoline. The dispute in this case is over the allowability of a deduction, under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, pars. 440-453), for discounts which were given to customers who bought gasoline at pumps located at the side of the car wash building, when they had their cars washed.

Sales of gasoline at the side pumps of Leslie Car Wash were made on the basis of "gas now—wash now," as a sign announced. The cost of a car wash was $2.25 on weekdays and $2.50 on Saturdays and Sundays, regardless of whether gasoline was purchased. However, the purchaser of a car wash was entitled to buy gasoline at a discount at the side pumps. The amount of the discount was based on the number of gallons purchased. The sign had on it a column of figures representing gallons of gasoline purchased, and an adjoining column of figures representing the discounts allowable for the various amounts of gasoline, commencing at $.36 for five gallons and increasing to a maximum of $2.25 for 16 gallons. The auditor testifying for the Department admitted that the sign indicated the customer's discount to be a discount from the price of gasoline, not a car wash discount.

Customers at the side pumps were given tickets at the time they bought gasoline. The tickets showed the price of a car wash. The tickets were taken by the customers to the cashier's office and given to the cashier, who recorded the details of the transaction on a cash register. On the register tape appeared, recorded separately, the gross amount of the gas sales, the amount of the discounts given on gasoline purchases, the car wash receipts, and receipts from waxes. The tape constituted a permanent record of the transactions.

Both parties observe that the retailers' occupation tax is imposed upon the "gross receipts" from the sale of tangible personal property at retail; that the term "gross receipts" is defined by the Retailers' Occupation Tax Act as "the total selling price or the amount of such sales"; and that "selling price" or "amount of sale" is defined by the Act to mean the consideration received for a sale, "determined without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost or any other expense whatsoever." (Ill. Rev. Stat. 1975, ch. 120, pars. 440, 441.) Both parties note, also, that section 4(b) of article III of the Rules and Regulations of the Department provides that "if the seller allows the purchaser a discount from the selling price (such as a discount for prompt payment) and the purchaser avails himself of the discount so that the seller does not receive any receipts from that source, the amount of such discount is not subject to tax."

The Department takes the position that these provisions forbid the deduction which Leslie Car Wash is attempting to take, because the selling price of gasoline was the pump price, the discounts were a reduction in the price of a car wash, the car washes were a service included in the price of gasoline, and the discounts given were nondeductible by reason of their being in the category of "any other expense." Leslie Car Wash maintains that its discounts were given on the price of tangible personal property, the gasoline it sold, and so the amount of the discounts was not subject to tax, under the Department's own rules.

It is apparent that the discount allowed by Leslie Car Wash was advertised as, and understood to be, a gasoline discount rather than a car wash discount. The fact that total receipts from gasoline sales and car washes were reduced by the amount of the discount did not make it a car wash discount. The Department in its brief speaks several times of a discount of five cents per gallon on the price of a car wash, but may have had in mind the facts presented in *Mr. Car Wash, Inc. v. Department of Revenue*, 27 Ill. App. 3d 931. In that case the price of a car wash was reduced, for a purchaser of both a car wash and gasoline, whereas here the price of gasoline was reduced. The facts presented to us in the case now before us do not show that the price of gasoline to car wash customers was the pump price and not a discounted price, or that the discounts were credited on the price of the car washes.

Moreover, the facts presented to us do not show that the cost of a car wash was included in the selling price of gasoline as the Department appears to claim. If car wash receipts were to be treated as part of taxable gross receipts, then Leslie Car Wash would be paying tax on more than the pump price of the gasoline it sold, because its customers did not receive discounts amounting to the cost of a car wash if they bought less than 16 gallons of gasoline or were charged weekend prices for their car wash. It is evidence that this argument of the Department goes too far, since the Department does not claim tax on more than the pump price of gasoline sold. Furthermore, it does not appear to us that the car washes could be described as "merely incidental to" the gasoline sales (*Snite v. Department of Revenue*, 398 Ill. 41, 46), so as to preclude the deduction of car-wash income from gross receipts as service charges. See *Cohen v. Playboy Clubs International, Inc.*, 19 Ill. App. 3d 215.

■■■ The Department offers the argument that the discount was not allowable because it was a cost of doing business, a method of encouraging persons to buy gasoline, and so fell within the reach of "any other expense" under the Act. However, in a recent case this was said: "In defining selling price, the statute forbids any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost or any other expense whatsoever. The statute here involved, as all other

taxing statutes, is to be strictly construed most strongly against the government and in favor of the taxpayer." (*Ingersoll Milling Machine Co. v. Department of Revenue*, 405 Ill. 367, 373, 90 N.E.2d 747.) Under the doctrine of *ejusdem generis*, the phrase "or any other expense whatsoever" as used in the statute actually means any additional deduction such as the cost of property sold, materials used, or labor or service cost or any similar deduction. (*Bullman v. City of Chicago*, 367 Ill. 217, 226, 10 N.E.2d 961.) The deduction of a cash discount given to the buyer is not forbidden. *Martin Oil Service, Inc. v. Department of Revenue*, 30 Ill. App. 3d 927, 932.

■■ The Department argues that an administrative agency's findings of fact should not be disturbed unless they are against the manifest weight of the evidence. However, this does not apply to conclusions of law. (*Caterpillar Tractor Co. v. Department of Revenue*, 29 Ill. 2d 564, 566; *Edidin v. Montgomery*, 15 Ill. App. 3d 909.) In this case it is evident that the dispute is not over the facts but over the question whether the Act and the Department's Rules and Regulations can be construed to forbid the deduction claimed for a gasoline discount in the circumstances shown, and this is a question for a court's determination. We believe the deduction is not forbidden but is allowable, for the reasons stated, and we therefore affirm the judgment of the Circuit Court of Du Page County.

Judgment affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.