(No. 48819.—

LESLIE CAR WASH CORPORATION, Appellee, v. THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed January 20, 1978.*

William J. Scott, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of Chicago, of counsel), for appellant.

Wylie and Mulherin, of Wheaton (Ralph J. Gust, Jr., of Lombard, of counsel), for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

The circuit court of Du Page County reversed a decision of the Illinois Department of Revenue in administrative review proceedings. Under the terms of the Department's decision, Leslie Car Wash, an Illinois corporation, incurred a liability of $20,874.78 for retailers' occupation tax and use tax and $4,278.17 for municipal retailers' occupation tax, including interest and penalties. The appellate court affirmed the judgment. (39 Ill. App. 3d 931.) Pursuant to our Rule 315 (58 Ill. 2d R. 315), we granted leave to appeal.

Leslie Car Wash sells gasoline, as well as operates a

car-wash service. Customers who purchase gasoline obtain a discount on the car-wash price of $2.25 on weekdays and $2.50 on Saturdays. The amount of discount depends on the number of gallons of gasoline purchased. A sign "Gas Now—Wash Now" had two vertical columns of figures, one referring to the number of gallons of gasoline, and the corresponding column representing the discount given for the various quantities of gasoline. The smallest deduction was $.36 for five gallons of gasoline. The largest was $2.25 for 16 gallons or more. The sign specifically stated that a car wash was "free with a 16-gallon fill-up." This, of course, referred to weekdays when the car-wash cost was $2.25.

The car-wash company took the discounts on the cost of the car wash as service or service labor deductions against the pump price of the gasoline, and made its tax return on this basis. Such discounts substantially affected the "gross receipts" for the price of gasoline as the amounts involved make manifest.

Since this is a statutory question, reference to the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440 *et seq.*) is required. The retailers' occupation tax is imposed on "gross receipts," which is defined by statute as "the total selling price or the amount of such sale" (Ill. Rev. Stat. 1975, ch. 120, par. 440). So also, the statute provides that the "selling price" or "amount of sale" means a consideration received for a sale, "determined without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost or any other expense whatsoever." Ill. Rev. Stat. 1975, ch. 120, par. 440.

In administering this statute, the Department has promulgated articles known as the Rules and Regulations of the Illinois Department of Revenue. Article III, section 3, provides that the cost of doing business is not deductible. "[N]o deduction shall be made by a taxpayer

from gross receipts or selling prices on account of the cost of property sold, the cost of materials used, labor or service costs, *** or any other expenses whatsoever."

Another section of article III (sec. 4(b)) of the Rules and Regulations of the Department provides that "if the seller allows the purchaser a discount from the selling price (such as a discount for prompt payment) and the purchaser avails himself of the discount so that the seller does not receive any receipts from that source, the amount of such discount is not subject to tax."

Specifically stated, the question is: Can a company which sells gasoline to a car-wash purchaser deduct from the gross receipts of the pump price of the gasoline the cost of the car wash?

That the selling price of the gasoline was the pump price is manifest from the statutory definition of the term "selling price." It is the consideration received for a sale, "determined without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost or any other expense whatsoever." (Ill. Rev. Stat. 1975, ch. 120, par. 440.) The realities of the situation reinforce this conclusion. In a sale of 16 gallons of gasoline the customer paid a price for gasoline and received a free car wash worth $2.25. No tax is paid on the wash, and the car-wash company would deduct $2.25 as a cash discount for the gasoline. Such a discount is contrary to the broad definition of "gross receipts" embracing, as it does, labor, service, costs and "other expenses."

In effect, the price of the car wash was included in the selling price of the gasoline. Yet it is this cost which the taxpayer deducted from its gross receipts under the Act, characterizing the deduction as a "gasoline discount." Apparently, the taxpayer's combination of the cost of a car wash and the gasoline was a promotional device to attract business. The "discount" was not a discount within the meaning of the Department's regulations or the

statute. (Ill. Rev. Stat. 1975, ch. 120, par. 440.) It was no less part of the cost of doing business than would be a promotional scheme which entails giving away certain merchandise to customers purchasing the requisite amount of gasoline.

Human ingenuity, understandably enough, functions at its optimum whenever tax problems are concerned. While this case presents fascinating implications, the taxpayer cannot claim originality in his arguments. In commenting upon the definition of the term "selling price," this court as long ago as 1942 in *Vause & Striegel, Inc. v. McKibbin* (1942), 379 Ill. 169, 172, stated:

> "The language employed is not only free from ambiguity but is specific to the effect that the 'selling price' or the 'amount of a sale' is to be determined without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost, or 'any other expense whatsoever.' These words are all-embracing in their scope. (*Gee Coal Co. v. Department of Finance,* 361 Ill. 293.) The obvious meaning of the expression 'any other expense whatsoever' precludes the deduction which plaintiffs seek to make in determining their selling price for tax purposes."

In *American Airlines, Inc. v. Department of Revenue* (1974), 58 Ill. 2d 251, the question was whether sales of food by Marriott to American Airlines for service on its flights were "sales at retail" and taxable under the Illinois Retailers' Occupation Tax Act (Ill. Rev. Stat. 1963, ch. 120, par. 440). The taxpayers' position was that American Airlines resold the food and therefore the sale by Marriott to American Airlines was not a "sale at retail." However, there was no resale by American Airlines. The meals were treated as an operating expense. American Airlines was selling transportation by air, and this—not meals—was what its passengers purchased.

In *Gapers, Inc. v. Department of Revenue* (1973), 13 Ill. App. 3d 199, the taxpayer, a home catering service, transported food and equipment to and from the customer's dwelling. It deducted the total cost of trucking service from its gross receipts. The taxpayer's argument was that since the customer separately contracted for the delivery charges when he met with the taxpayer's consultant, under article IV(a) of the Department's rules providing that "transportation and delivery charges are considered to be freight, express, mail, truck or other carrier, conveyance or delivery expense," the cost of trucking was properly deducted from the tax. But the Department was without authority to extend or alter the statutory definition by its rules and regulations. To permit such a deduction would be in violation of the term "selling price" as defined by statute (Ill. Rev. Stat. 1975, ch. 120, par. 440). This term is clear, definite, and unambiguous.

In *Mr. Car Wash, Inc. v. Department of Revenue* (1975), 27 Ill. App. 3d 931, the taxpayer operated car washes where it sold gasoline. The price of the car wash was $1.50 if the customer purchased no gasoline. With a gasoline purchase, the customer was given a credit against the price of the car wash. It was computed by multiplying $.05 by the number of gallons of gasoline. On a sale of 10 gallons of gasoline at $.50 per gallon, the customer was credited with $.50 and paid $1 for the $1.50 car wash. In reporting the transaction to the Department of Revenue, the gasoline would be listed as having been sold for $5, but the $.50 car-wash credit would be claimed as a deduction from the sale of the gasoline.

There the taxpayer was engaged in the business of both providing a car-wash service and selling personal property at retail. The term "gross receipts" did not warrant a deduction from the sale of the gasoline.

That the car wash was advertised and understood by the taxpayer as a gasoline discount, rather than a car-wash discount, is immaterial. If the subjective element were

determinative, no tax law would be meaningful.

That the customer, purchasing less than 16 gallons of gasoline, or purchasing 16 gallons or more on a weekend when the wash was $2.50, was not entitled to a full discount, would not alter the result. In all instances the taxpayer took an illegal deduction.

The judgments of the appellate and circuit courts are reversed and the cause remanded to the circuit court of Du Page County to enter a judgment in accord with the decision of the Illinois Department of Revenue.

*Reversed and remanded, with directions.*

MR. JUSTICE MORAN took no part in the consideration or decision of this case.