(No. 48023.—

KEYSTONE CHEVROLET COMPANY *et al.*, Appellees, v. FRANK A. KIRK, Director of Local Government Affairs, *et al.*, Appellants.

*Opinion filed January 20, 1978.*

William J. Scott, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of Chicago, of counsel), for appellants.

Burton I. Weinstein, of Boehm & Weinstein, and Robert A. Holstein, of Fohrman, Lurie, Holstein, Sklar & Cottle, Ltd., of Chicago (Jerold B. Schnayer, of counsel), for appellees.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

On January 27, 1975, Keystone Chevrolet Company, an Illinois corporation, on behalf of itself and all similarly situated new car dealers, and Seymour and Rita Cohen, individually and on behalf of all similarly situated persons, filed in the circuit court of Cook County a complaint for declaratory judgment, an accounting and an injunction. The complaint named as defendants the Department of Local Government Affairs of this State and its director, the Department of Revenue and its director, and the State Treasurer.

Keystone alleged in count I that it was a General Motors Corporation franchisee, and that on January 25 the Cohens had purchased from it a new, 1975 Monza automobile for the sum of $4,800 plus a $10 county tax upon which a 5% retailers' occupation tax in the amount of $240 was paid. It was further alleged that about January 12, 1975, the major auto manufacturers, including

General Motors Corporation, announced a "rebate program" pursuant to which cash rebates would be made by the manufacturers to the purchasers of certain new cars; that the Monza purchased by the Cohens was included in the rebate program and that its purchase entitled the Cohens to a $500 rebate from the manufacturer, thereby reducing the actual sales price to $4,300, upon which only a tax of $215 would be payable. Keystone alleged its uncertainty as to its responsibility, the absence of an adequate remedy at law, the presence of common questions of law and fact, and sought a declaration that the retailers' occupation tax could not be collected on the amount by which the rebates reduce the sales prices of new cars, that Keystone and other new car dealers in its class had wrongfully charged, collected and remitted that tax, that defendants be ordered to segregate in a protest fund and account for all such taxes previously and subsequently collected; that defendants be ordered to remit with interest to Keystone and all members of its class for transmittal to the new car purchasers, or directly to the purchasers, all such wrongfully collected taxes; that plaintiffs be allowed reasonable fees and costs, and that the prosecution of all subsequently filed suits seeking similar relief be enjoined. Identical relief was requested in count II by the Cohens on behalf of themselves and members of their class.

On February 11 an action said to be similar to this was filed in the circuit court of Lake County by Marcia L. Silberman, and a preliminary injunction apparently sought. Plaintiffs sought leave to intervene in that case, in which the Attorney General as counsel for the State officers had filed a motion to dismiss. The motion to dismiss was allowed for failure to state a cause of action, and plaintiffs' petition for leave to intervene was denied. Ms. Silberman appealed, and on March 5 a single member of the Second District Appellate Court reversed the denial by the Lake

County circuit court of the temporary injunction sought by plaintiff Silberman, and ordered the Director of Revenue to promptly notify all known retailers of new cars to state on the tax forms the amount of rebate and compute the tax thereupon separately; that all sums received·in such protested form by the State Treasurer be segregated in a protest fund pending the final order of the appellate court in the Silberman case; that the State Treasurer be enjoined from depositing in the general revenue fund the tax computed on the rebated sums; and that the Secretary of State issue certificates of title to car owners even though the tax was paid under protest.

On September 16, 1975, in this case the circuit court of Cook County, on motion of the plaintiffs, directed the defendants to place the protested amounts in the protest fund established in the Silberman case. On October 1 the circuit court denied defendants' motion to vacate the September 16 order but modified the temporary injunction to require the Department of Revenue to notify all retailers of new automobiles that they should separately report and compute the retailers' occupation tax paid on the amount of the cash rebates. Defendants' motion to stay enforcement of this order was denied. Defendants then filed a notice of appeal and obtained a stay of the circuit court order in the appellate court. We allowed a direct appeal under Supreme Court Rule 302(b) (58 Ill. 2d R. 302(b)).

Where the effect of a temporary injunction will be to alter the status quo, the party seeking it must first establish the probability of his ultimate success on the merits. (*Frenchik v. Dean* (1976), 62 Ill. 2d 231, 241; *Filter Dynamics International, Inc. v. Astron Battery, Inc.* (1974), 19 Ill. App. 3d 299, 318.) The trial court, in granting the temporary injunction, indicated its belief that plaintiffs would prevail. We do not agree.

Section 2 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 441) imposes upon retailers

a tax based on gross receipts from sales. Section 1 states:

> " 'Gross receipts' from the sales of tangible personal property at retail means the total selling price or the amount of such sales, as hereinbefore defined."
>
> " 'Selling price' or the 'amount of sale' means the consideration for a sale valued in money whether received in money or otherwise, *** and shall be determined without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost or any other expense whatsoever ***." (Ill. Rev. Stat. 1975, ch. 120, par. 440.)

Under the Act, it is presumed that all sales of tangible personal property are subject to tax, and the retailer has the burden of establishing any exemption. Ill. Rev. Stat. 1973, ch. 120, par. 446.

Section 2 imposes the tax specifically upon the *seller's* gross receipts. Where those receipts are not in any way reduced, the full amount thereof is subject to the tax. This case does not present a situation such as that in *Martin Oil Service, Inc. v. Department of Revenue* (1975), 30 Ill. App. 3d 927, where the appellate court held that a cash discount given to a purchaser by the seller may be deducted from taxable receipts. Indeed, article 111, section 4(b), of the Department of Revenue Rules and Regulations expressly provides that where a discount is allowed the purchaser by the seller, the amount of the discount is not subject to tax since it is never received by the seller. We find nothing in the Act or regulations, however, permitting a seller to deduct from his gross receipts an amount paid by a third party directly to the purchaser even though the purpose of the payment is to reimburse the purchaser for a part of the purchase price. The gross receipts of the seller remain the same whether or not a rebate is paid by someone not directly involved in the retail sale.

Plaintiffs argue that since the purchasers reimburse the seller for the tax payments, the tax should be levied on the actual sales price as determined by looking through the

eyes of the purchasers. Plaintiffs assert that as far as they are concerned, the cost of the auto did not include the $500 manufacturer's rebate. This argument, however, ignores the taxation scheme provided in the Act. It is the retailer who is taxed, not the purchaser, and the retailer has the legal obligation to pay the tax whether or not he collects it from the purchaser. While the manufacturer's rebate is unquestionably offered as an inducement to a purchaser to buy a car, it neither changes the character of the transaction between seller and purchaser nor affects the liability of the retailer to pay a tax computed on the basis of the amount received by him.

We accordingly hold plaintiffs' complaint fails to state a cause of action. The judgment of the circuit court of Cook County is reversed and the cause remanded with directions to dismiss the complaint.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE MORAN took no part in the consideration or decision of this case.