SAXON-WESTERN CORP., Plaintiff-Appellant, *v.* GEORGE E. MAHIN, Director of Revenue, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 78-1140

Opinion filed October 23, 1979.

Donald L. Johnson and William Biederman, both of Marks, Katz, Walker & Blatt, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

In September of 1972, plaintiff, Saxon-Western Corporation, brought this suit as a class action on behalf of itself and all other similarly situated retailers against George E. Mahin, then Director of the Department of Revenue, William J. Scott, Attorney General, and Alan J. Dixon, then Treasurer of the State of Illinois (hereinafter collectively referred to as the Department). Plaintiff sought to enjoin the Department from assessing or collecting retailers' occupation tax (Ill. Rev. Stat. 1977, ch. 120, par. 440 *et seq.*) on the stated value of discount coupons issued by plaintiff in its retail business for redemption by plaintiff only. Plaintiff also sought a declaratory judgment that Rule No. 46 of the Department, which privides for such taxation, is both contrary to law and violative of the Illinois and United States constitutions. Plaintiff further requested that all monies collected under the rule be segregated in a protest fund, and other related relief.

The trial court issued a temporary injunction restraining the Department from proceeding against plaintiff, but on the Department's motion, the court dismissed plaintiff's complaint and dissolved the injunction on the ground that plaintiff had failed to exhaust its administrative remedies. This court reversed (*Saxon-Western Corp. v. Mahin* (1976), 39 Ill. App. 3d 100, 349 N.E.2d 591) on the ground that the administrative review requirement was not applicable under the circumstances. (39 Ill. App. 3d 100, 105.) Further finding that a cause of action was stated for enjoining the assessment and collection of the tax as unauthorized by law, since the operative provisions of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 440 *et seq.*) did not expressly provide for taxation of the stated value of coupons, we remanded for further proceedings. 39 Ill. App. 3d 100, 106-07.

Thereafter the parties filed cross-motions for summary judgment, the plaintiff's motion requesting only that the rule be held illegal and the

Department be enjoined from collecting tax thereunder. The trial court entered judgment for the Department and dismissed plaintiff's complaint, but the court provided that its order staying the Department from proceeding against plaintiff would remain in effect pending final resolution of the cause. No ruling on the propriety of maintaining the action as a class action or on the other relief sought in plaintiff's complaint was ever made. Plaintiff has appealed.

The facts are few and not in dispute. Plaintiff is an Illinois corporation engaged in the business of selling tangible personal property at retail in Illinois. Plaintiff issues discount coupons in order to offer its customers discounts on specific items. Plaintiff distributes these coupons through newspapers, by way of circulars handed out or distributed door-to-door in the vicinity of its stores, or by means of customer mailing lists. Upon presentation of a coupon, the customer is charged the discounted price listed on the coupon rather than the regular price for the item. [1] The customer cannot purchase merchandise at the discounted or coupon price without the coupon, nor can the customer redeem the coupon for money or use it to buy any other item. Plaintiff issues these coupons itself and receives no reimbursement or other compensation from the manufacturers or distributors of the discounted items. After the coupons are turned in, they are brought together in plaintiff's advertising department and tabulated in order to provide information useful for future promotions. The coupons go no further.

Section 2 of the Retailers' Occupation Tax Act imposes a tax upon persons engaged in the business of selling tangible personal property at retail based on a percentage of the gross receipts from such sales. (Ill. Rev. Stat. 1977, ch. 120, par. 441.) The term "gross receipts" is defined in section 1 of the Act as the "total selling price or the amount of such sales," which is in turn defined as "the consideration for a sale valued in money whether received in money or otherwise * * * ." (Ill. Rev. Stat. 1977, ch. 120, par. 440.) In addition, section 1 of the Act has been amended by the addition of the following specific provision, the constitutionality of which was upheld in *Hornof v. Kroger Co.* (1966), 35 Ill. 2d 125, 219 N.E.2d 512:

> "Persons who engage in the business of transferring tangible personal property upon the redemption of trading stamps are engaged in the business of selling such property at retail and shall be liable for and shall pay the tax imposed by this Act on the basis of the retail value of the property transferred upon redemption of such stamps." Ill. Rev. Stat. 1977, ch. 120, par. 440.

---

[1] One example set forth in the record is a coupon which, when presented, permits the customer to buy a stapler at 39 cents, rather than the regular price of 59 cents. The Department seeks to tax plaintiff on the higher of the two.

Pursuant to the authority granted the Department by section 12 of the Act, authorizing it to promulgate "such reasonable rules and regulations relating to the administration and enforcement of the provisions of this Act as may be deemed expedient" (Ill. Rev. Stat. 1977, ch. 120, par. 451), the Department issued its Rule No. 46, which reads in its entirety as follows:

"Persons who engage in the business of transferring tangible personal property upon the redemption of trading stamps shall be deemed to be engaged in the business of selling such property at retail and shall be liable for and shall pay the tax imposed by the Retailer's Occupation Tax Act on the basis of the retail value of the property transferred upon redemption of such stamps. When merchandise is paid for partly in cash and partly by surrendering a trading stamp valued at a specific amount, the total amount (including the value of the surrendered trading stamp) is subject to retailer's occupation tax.

The same principles apply to trading coupons. Also, it does not matter how or when the consumer obtained the coupon in the first place (*i.e.*, from a manufacturer or other supplier of the retailer, from the retailer himself or from an advertisement placed in a newspaper by such retailer or his supplier). The measure of the tax in trading coupon redemptions is the value of the merchandise transferred for the surrendered coupon, which value would normally be presumed to be the stated value of the coupon plus whatever cash receipts the retailer receives in the transaction. This is true even if the retailer absorbs all of the cost, or if the retailer absorbs a part of the cost, as where a manufacturer only partially reimburses the retailer for the value of the merchandise transferred."

The issue presented is the validity of this rule, as applied to the coupons issued by plaintiff in its retail business for redemption by plaintiff only. Plaintiff points out that while the first half of the first paragraph of Rule No. 46 has an obvious specific statutory basis, that portion of the rule which pertains to plaintiff's coupons lacks any specific statutory authority. Although the Department at one point in its brief urges that "[t]here is no reason to distinguish between trading stamps and coupons in determining taxability," it is apparent that the trading stamps referred to in the statute and discussed in *Hornof v. Kroger Co.* (1966), 35 Ill. 2d 125, 128-29, 219 N.E.2d 512, are factually quite different, and the Department does not seriously contend that its rule relating to coupons is authorized by the section of the statute relating to trading stamps. Rather, the Department argues that the general statutory definition of "selling price" as "the consideration for a sale valued in money whether received

in money or otherwise" (Ill. Rev. Stat. 1977, ch. 120, par. 440) is broad enough to include the value of plaintiff's coupons and therefore to support the Department's position.

■■■ Both parties agree that the rules and regulations promulgated by the Department, while instructive, are not binding upon this court in reviewing the meaning and intent of the statute. (*E.g., Aurora Country Club, Inc. v. Department of Revenue* (1977), 50 Ill. App. 3d 756, 758, 365 N.E.2d 229.) Rather, the Department's power to make an assessment must essentially be found in the Act (*Terrace Carpet Co. v. Department of Revenue* (1977), 46 Ill. App. 3d 84, 90, 360 N.E.2d 153), as the Department is without authority to extend or alter pertinent statutory definitions (*Leslie Car Wash Corp. v. Department of Revenue* (1978), 69 Ill. 2d 488, 493, 372 N.E.2d 653; *Gapers, Inc. v. Department of Revenue* (1973), 13 Ill. App. 3d 199, 202, 300 N.E.2d 779) or otherwise use its regulations to broaden the tax imposition authorized by the statute. *Martin Oil Service, Inc. v. Department of Revenue* (1975), 30 Ill. App. 3d 927, 932, 334 N.E.2d 227.

■ In support of their respective positions, the parties each cite regulations promulgated by authorities in other States with statutes corresponding to our Retailers' Occupation Tax Act. However, our own statute affords the best means of its exposition (*Vause & Striegel, Inc. v. McKibbin* (1942), 379 Ill. 169, 175, 39 N.E.2d 1006); accordingly, we will look to the terms of our own statute, and the case constructions thereof, in resolving the issue presented.

The case most pertinent here is *Martin Oil Service, Inc. v. Department of Revenue* (1975), 30 Ill. App. 3d 927, 334 N.E.2d 227. In *Martin Oil*, the taxpayer sold gasoline at retail and issued stamps to its customers who made purchases. When a customer filled a book of stamps, it could be redeemed for a $2 cash discount upon his next purchase. Noting that a Department regulation (article III, section 4(b)) expressly provided that where a discount is allowed the purchaser by the seller, the amount of the discount is not subject to tax since it is never received by the seller, the court held that this procedure simply constituted a postponed discount which properly reduced the taxpayer's gross receipts. The court several times stressed that "since the [taxpayer] never received the cash represented by the value of a redeemed coupon book, this amount should be deducted from gross receipts by which the tax in turn is measured." (30 Ill. App. 3d 927, 931-32.) Since the seller's gross receipts were in fact reduced by the allowance of the cash discount represented by the completed book of stamps, the court held that it was "no more than fair and proper" to permit the seller a deduction in the amount of the discount. 30 Ill. App. 3d 927, 932.

■ Similarly, in the instant case, plaintiff never receives the cash

represented by the value of its redeemed coupons, and its gross receipts are in fact reduced by its acceptance of the coupons. Therefore, we agree with plaintiff that its coupons simply constitute an alternate way of giving its customers cash discounts; as such, the value of the coupons may not properly be included by the Department in the amount subject to tax.

The Department contends that whether or not the coupons have any cash value to plaintiff, they nevertheless constitute part of "the consideration for a sale valued in money whether received in money or otherwise," as customers cannot get the reduced price without the coupons. However, this argument ignores the fact that neither could the customers in *Martin Oil* receive their discounts without tendering a completed book of stamps. As plaintiff points out, these transactions are in substance no different from the situation in which a retailer grants a discount to customers who mention the call letters of a radio station that carries the retailer's advertising, except that here, the customer instead must tender a piece of paper to get the discount.

Moroever, the Department's argument misconceives the nature of the tax at issue. A case which, though involving dissimilar facts, sheds light on this subject is *Keystone Chevrolet Co. v. Kirk* (1978), 69 Ill. 2d 483, 372 N.E.2d 651. In *Keystone*, the taxpayer was a General Motors Corporation franchisee and car dealer which sought to deduct from its gross receipts the value of cash rebates paid by General Motors directly to automobile purchasers. The court began by noting that the Retailers' Occupation Tax Act "imposes the tax specifically upon the *seller's* gross receipts. Where those receipts are not in any way reduced, the full amount thereof is subject to the tax." (Emphasis in original.) (69 Ill. 2d 483, 487.) The court then cited *Martin Oil* but distinguished it as involving a discount which did reduce the seller's gross receipts, while the gross receipts of the seller in *Keystone* remained the same whether or not a rebate was paid by a third party. (*Keystone.*) In response to the argument that ultimately the cost of the auto to the purchaser did not actually include the amount of the rebate, the court stated:

> "This argument, however, ignores the taxation scheme provided in the Act. It is the retailer who is taxed, not the purchaser, and the retailer has the legal obligation to pay the tax whether or not he collects it from the purchaser. * * * [T]he manufacturer's rebate * * * neither changes the character of the transaction between seller and purchaser nor affects the liability of the retailer to pay a tax computed on the basis of the amount received by him." (69 Ill. 2d 483, 488.)

Thus, in the instant case, the Department's focus on the value of the coupon to the consumer, and the fact that as to him it appears to constitute part of the consideration for the sale, is misplaced; it is the amount

received by the seller, and the value of the consideration as to it, that determines the basis for computing the seller's tax obligation. Because plaintiff actually receives only the discounted price in its coupon transactions, and because the legislature has expressed the intent to tax retailers only on the amount actually received (*cf. Goldfarb v. Department of Revenue* (1952), 411 Ill. 573, 104 N.E.2d 606), the Department's Rule No. 46 is invalid as unauthorized by law insofar as it purports to include the stated value of plaintiff's coupons in plaintiff's gross receipts. Of course, we do not intend to express any opinion on the question of whether or not the rule is valid as applied to retailers who are reimbursed by manufacturers or distributors for accepting coupons, nor have we addressed the question of the power of the legislature to act in any of these areas. All we have held is that the Department's rule is unauthorized and therefore invalid as applied to plaintiff.

The Department also seeks to characterize plaintiff's use of coupons as a cost of doing business which is not deductible from the "selling price" (Ill. Rev. Stat. 1977, ch. 120, par. 440) of plaintiff's goods, citing *Leslie Car Wash Corp. v. Department of Revenue* (1978), 69 Ill. 2d 488, 372 N.E.2d 653. However, in *Leslie*, the taxpayer was attempting to deduct the cost of the car washes that it gave away from the gross receipts that it actually did receive on its sales of gasoline. In contrast, plaintiff has never sought to deduct the cost of printing, distributing, and collecting its coupons as a cost of doing business, and plaintiff concedes that it must pay tax on its actual gross receipts. Therefore, *Leslie* is inapposite and the Department's argument is without merit.

We note that although this action was brought as a class action seven years ago, inexplicably no ruling on the propriety of maintaining the suit as a class action has ever been made, although section 57.3 of the Civil Practice Act provides that the court shall make such a determination as soon as practicable after the commencement of the action. Plaintiff requests that this court make that ruling, but on this state of the record, we would be unable, even if we were so inclined, to determine whether the statutory prerequisites for the maintenance of a class action (Ill. Rev. Stat. 1977, ch. 110, par. 57.2), have been met. In any event, the need for such a determination no longer exists. Having held that plaintiff is entitled to declaratory and injunctive relief from application of the Department's Rule No. 46, and noting that plaintiff long ago abandoned the other relief originally sought in its complaint, it is apparent that the relief granted will inure to the benefit of plaintiff and all similarly situated retailers, regardless of whether or not the action is certified as a class action. (*Nelson v. Likins* (D. Minn. 1974), 389 F. Supp. 1234, 1239, *aff'd* (8th Cir. 1975), 510 F.2d 414; see *Marquez v. Kiley* (S.D. N.Y. 1977), 436 F. Supp. 100, 109-10, citing *Galvan v. Levine* (2d Cir. 1973), 490 F.2d 1255, 1261,

132

*cert. denied* (1974), 417 U.S. 936, 41 L. Ed. 2d 240, 94 S. Ct. 2652.) Therefore, no useful purpose would be served by remanding the cause for a determination of its status.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded with directions to enter judgment in favor of plaintiff in accord with plaintiff's motion for summary judgment.

Reversed and remanded with directions.

DOWNING and PERLIN, JJ., concur.